IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : MAGISTRATE ACTION
:
v. :
:
JOSE THOMAS RIVERA :
a/k/a JOSE ANTONIO ESTRADA- :
GONZALEZ : 10-1898-M

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY                                                                                       January 11, 2011
UNITED STATES MAGISTRATE JUDGE

Presently before the court is the question whether the Government has established probable cause on count one of the complaint charging Jose Thomas Rivera a/k/a Jose Antonio Estrada-Gonzalez ("Defendant") with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Upon consideration of evidence and argument at the preliminary hearing on January 5, 2011, and letter briefs submitted by the parties after the hearing, I find that the Government has not established probable cause as to count one of the complaint. Count one is therefore dismissed without prejudice.

In the affidavit in support of the complaint and at the preliminary hearing, the Government presented the following evidence which is not disputed for purposes of the probable cause determination:

1. Defendant was arrested in 2002 on a federal drug charge, at which time his fingerprints were taken and he was assigned an FBI identification number. That arrest resulted in a conviction and sentence, and in 2005 Defendant was removed by immigration authorities from the United States to his native Dominican Republic. Defendant was charged and removed under the name in which he is charged in this action, Jose Thomas Rivera.

2. On December 14, 2009, Defendant was arrested in Massachusetts on drug trafficking charges under the name Jose Estrada-Gonzalez, date of birth March 9, 1977 and social security number 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. Officials attempted to enter Defendants' fingerprints into the Integrated Automated Fingerprint Identification System (IAFIS) but an error occurred in the attempt. Officials did not learn of Defendant's true identity in connection with this arrest, and he was released on bail and given a date to return to court.

3. Acting on information received, officials located a Pennsylvania driver's license in the name Jose Estrada-Gonzalez with date of birth March 9, 1977 and bearing Defendant's photograph. Officials then submitted the fingerprints from the Massachusetts arrest to the FBI Fingerprint Identification Section for comparison with the fingerprints from Defendant's earlier federal arrest, and the analysis revealed a match.

3. Officials also conducted a database search and located information for an individual named Jose Estrada-Gonzalez, with the above date of birth and social security number, living in Puerto Rico since 2000, and with a 1999 Puerto Rico arrest.

4. On December 21, 2010, Magistrate Judge L. Felipe Restrepo authorized a criminal complaint and arrest warrant charging Defendant in count one with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a).[1] Defendant was arrested on the complaint on or about December 23, 2010. Following his arrest Defendant gave a statement in which he admitted that he paid $16,000 to "a guy" for a "complete package" consisting of a procedure to alter his fingerprints, new identity documents and "safe passage" to the United States. The procedure was performed, which he described as someone pouring a substance on his finger and then keeping his fingers wrapped for five days. He was also provided with new identity documents in the form of a Puerto Rican passport and social security card with the above name, birth date and social security number. These documents were found in his wallet at the time of his arrest, and a search of

---

[1] There is no dispute that the evidence is sufficient to support the reentry charge.

his residence resulted in the recovery of his Dominican passport and other documents in the name of Jose Thomas Rivera.

With respect to the aggravated identity theft charge, the parties agree that the Government must prove not only that Defendant's false identity (Jose Estrada-Gonzalez with the birth date and social security number identified above) is a real person, but that Defendant knew that identity documents he presented were those of a real person. See Flores-Figueroa v . United States, – U.S. –, 129 S. Ct. 1886, 1893-94 (2009).[2] In that case, the Supreme Court decided that the statutory language required the government to prove such knowledge, noting that in the "classic case of identity theft" such proof would not be problematic. Id. at 1893 (listing examples of defendant who uses another's identity to gain access to person's bank account, or defendant who goes through another's trash to find their discarded credit information, or computer hacking). The Court also noted that in some cases such evidence might not be so easy to produce, such as "an alien who unlawfully entered the United States [who] gives an employer identification documents that *in fact* belong to others" because in that situation the alien might not particularly care whether the papers belong to another individual or are merely counterfeits. Id. (emphasis in original).

---

[2]Defendant asserts that the evidence is insufficient to establish that Jose Estrada-Gonzalez is a real person. The evidence is certainly not conclusive as it is limited to a database inquiry. Nevertheless, I conclude that the database information of a person with that specific name, birth date and social security number, together with database information of an arrest of that person, is sufficient to support the necessary inference for purposes of probable cause.

Where, as here, there is no direct evidence that a defendant knew he was given the identity of a real person, the question in the wake of Flores-Figueroa is what quality and quantity of circumstantial evidence is sufficient to support an inference that he did have such knowledge. For present purposes, this question arises in the context of a probable cause determination, wherein the standard of proof is whether reasonable inferences can be drawn from the totality of the circumstances presented. See Illinois v. Gates, 462 U.S. 213, 239-41 (1983); see also Gerstein v. Pugh, 420 U.S. 103, 121 (1975) (probable cause does "not require the fine resolution of conflicting evidence that a reasonable doubt or even a preponderance standard demands").

The Honorable William H. Yohn of this court recently reviewed Flores-Figueroa and cases decided after it on this very question, in the context of determining a habeas corpus petition challenging the sufficiency of evidence presented at a defendant's guilty plea colloquy. See United States v. Morgan, No. 06-CR-164, 2010 WL 1714705 (E.D. Pa. Apr. 27, 2010). As here, that case lacked direct evidence of the defendant's knowledge. The facts established at the guilty plea were that a witness brought the defendant stolen information from which the defendant made fraudulent driver's licenses, medical insurance cards and credit cards, and the witness told the defendant that he used the documents to obtain loans and purchase cars. Additionally, during a search of locations frequented by the defendant officers found sophisticated equipment for making various false identification documents, and they also found documents in real persons'

4

names including thousands of actual credit account numbers. Id. at *2. In arguing against habeas corpus relief, the government relied specifically on an authentic Pennsylvania driver's license recovered from the defendant's car in the name of a real individual, A.S., a counterfeit credit card in A.S.'s name, and evidence of three additional counterfeit cards being made in A.S.'s name. Id. at *11. Judge Yohn concluded that this evidence was insufficient to support an inference on the knowledge element, because none of it showed that the defendant either knew or desired that the identities be real. "It may only have been necessary . . . that the means of identification upon which [defendant] based his counterfeit documents *looked* authentic." Id. (emphasis in original). On these facts, Judge Yohn found Flores-Figueroa to be controlling.

I conclude that the same reasoning applies here. In the absence of evidence that Defendant knew or desired that the identity he was using be that of a real person, the knowledge element is not met, even at this preliminary stage. There is no question that the evidence establishes that Defendant desired false identity documents of superior quality, and apparently he got what he bargained for, as he withstood an arrest in Massachusetts without discovery. However, there is no evidence that he bargained for the identity of a real person or that he was told he received one. The Government argues that the fact that Defendant was successful in using the identity to escape detection supports the inference that he knew at that point the identity was genuine, even if he did not know beforehand. However, that same argument was made in Morgan, wherein the

5

defendant was told that his customers used his false documents to obtain loans and buy cars. The argument was rejected, as the quality of the fictitious document did not necessarily equate with its genuineness. One could certainly suppose that the identity of a real person is more likely to allow one to evade detection than that of a fictional person, but such supposition is insufficient. Although the probable cause standard is less exacting than the sufficiency standard applied Morgan, there still must be some evidence beyond mere speculation that Defendant knew he was using the identity of a real person, and such evidence has not been presented.

Only one of the cases relied on by the Government was decided after Morgan, and I do not find it persuasive. In United States v. Cortes, No. 10-10190, 2010 WL 3401569 (11th Cir. Aug. 30, 2010), the Eleventh Circuit relied on its prior decision in United States v. Holmes, 595 F.3d 1255, 1258 (11th Cir. 2010), holding that a defendant's repeated use of the victim's name and social security number to obtain driver's licenses, identification cards, a passport and a line of credit were sufficient to support an inference that the defendant knew the information was genuine. It is uncertain whether the Third Circuit would adopt the reasoning of this line of cases, even if Defendant's use of forged documents were found to be sufficiently similar.[3] Instead, I am guided by Flores-

---

[3] The affidavit prepared by Special Agent Edward P. Troy and submitted along with the Criminal Complaint states that Defendant obtained a Pennsylvania driver's license under the name from the forged documents, see Troy Aff. attached to Doc. 1 at ¶¶ 14, 18, and Defendant utilized the documents at the time of his arrest in Massachusetts. See id. at ¶ 12; Government's motion for pretrial detention (Doc. 5) at ¶ 2b-c. Additionally, the

Figueroa, in which the Supreme Court required proof of knowledge that forged documents belonged to a real person, and that a defendant's use of forged documents to, for example, unlawfully enter the country and obtain employment, may not be sufficient. See – U.S. –, 129 S.Ct. 1886, 1893-94.

Based on the foregoing, I find that the Government has not established probable cause on count one of the complaint charging aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and that count one of the complaint must therefore be dismissed without prejudice. An appropriate Order follows.

---

Government stated at oral argument that Defendant utilized the documents to unlawfully re-enter the country.